# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| THE CADLE COMPANY, | § | |
| Appellant, | § | |
| v. | § | No. 3:06-CV-2186-M |
| DIANE G. REED, CHAPTER 7 TRUSTEE, | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is The Cadle Company's ("Cadle") appeal from the Judgment of the United States Bankruptcy Court approving a settlement agreement between the debtor, Gary R. Cooper ("Cooper"), and the trustee, Diane G. Reed, and dismissing Reed and Cadle's action to revoke Cooper's discharge under 11 U.S.C. § 727(d). Cadle's appeal requires the Court to determine whether the Bankruptcy Court erred in dismissing, over Cadle's objection, the revocation action originally brought jointly by Cadle and Reed. For the reasons set forth below, the Court concludes that Cadle is entitled to proceed with its discharge revocation claim, and that the Bankruptcy Court erred in dismissing Cadle's claim.

## FACTUAL BACKGROUND

Cooper and his wife filed a Chapter 11 bankruptcy and were discharged in August of 1999. Thereafter, Reed and Cadle discovered that Cooper had allegedly acted improperly in disposing of proceeds from the sale of scheduled properties. Reed and Cadle then jointly filed a complaint to revoke Cooper's discharge under 11 U.S.C. §§ 727(d)(2-3). Sections 727(d)(2-3) provide in pertinent part:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

Cadle contends that Cooper violated 11 U.S.C. § 727 (d)(2) by failing to apprise the trustee of, and improperly disposing of the proceeds from, the sale of two properties on Cooper's bankruptcy schedule, located at 470 and 480 North Little Road. In its Complaint, Cadle also contends that Cooper violated 11 U.S.C. § 727 (d)(3) and § 727(a)(6)(A), addressing a debtor's refusal "to obey any lawful order of the court. . . .", by violating the Bankruptcy Court's Order of December 29, 1999, which required Cooper to apply a portion of the proceeds from the sale of property located at 211 Oakridge Trail, Kennedale, Texas to satisfy liens and encumbrances on that property.[1]

Cooper and Reed reached a settlement of the revocation action, and Reed filed a motion to approve the settlement and to dismiss the revocation action. Cadle timely objected. After conducting a hearing on August 31, 2006, the Bankruptcy Court determined that the settlement was in the best interests of the estate, approved the settlement, and dismissed with prejudice the action by Reed and Cadle seeking revocation of Cooper's discharge. After the Bankruptcy Court denied Cadle's Motion to Reconsider, Cadle appealed to this Court.

Cadle contends that the Bankruptcy Court committed two errors. First, Cadle claims the Bankruptcy Court's determination that the settlement was in the best interests of the estate was clearly erroneous. Second, Cadle urges that the Bankruptcy Court violated Cadle's due process

---

[1] Based on its conclusions with respect to the 470 and 480 North Little Road properties and Cadle's 727(d)(2) claim, the Court does not make a detailed analysis of Cadle's Section 727(d)(3) claim.

rights and its rights under 11 U.S.C. § 727(d). After a hearing, this Court rejected Cadle's first contention, finding that the Bankruptcy Court did not abuse its discretion in concluding that the settlement was in the best interests of the estate. However, the Court directed the parties to submit additional briefing on the second issue—whether the Constitution, or other applicable authority, prohibits dismissal of a revocation action, over a creditor's timely objection, upon motion of the trustee. The Court concludes that Section 727(d) prohibits involuntary dismissal of Cadle's claim.

## ANALYSIS

### *Standard of Review*

A bankruptcy court's findings of fact and law are reviewed under separate standards. *In re ICH Corp.,* 230 B.R. 88, 91 n.10 (N.D. Tex. 1999). The court reviews conclusions of law *de novo* and its fact findings based on a clearly erroneous standard. "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Biesel v. Billings*, No. 01-2284, 2002 U.S. Dist. LEXIS 7357, at *21 (N.D. Tex. Apr. 24, 2002) (quoting *In re Johnson Southwest*, 205 B.R. 823, 827 (N.D. Tex. 1997)).

Here, the Court concludes that the legal issues are dispositive and determines them *de novo*.

### *Section 727(d)*

11 U.S.C. § 727(d) provides for revocation of a discharge granted under § 727(a) on request of a trustee or creditor after notice and a hearing proving that certain events supporting revocation occurred. On August 31, 2006, the Bankruptcy Court conducted an evidentiary hearing on the trustee's motion to approve the settlement, at which the trustee and Cooper testified. Cadle had minimal opportunity for discovery prior to the hearing. It had not received

responses to written discovery served on Cooper and had not obtained discovery from the title companies handling the sale of the properties located at 470 and 480 North Little Road and other third parties. At the August 2006 hearing, the Bankruptcy Court denied Cadle's request for an opportunity to complete discovery and, on September 8, 2006, approved the settlement over Cadle's objection.

Reed maintains that the August 2006 hearing satisfied the § 727(d) requirements; this Court disagrees. The August 2006 hearing focused principally on whether the trustee's settlement was fair, equitable, and in the best interests of the estate—not whether Cooper's discharge should be revoked. Since Cadle was not permitted to complete discovery to prove the basis for its revocation claim, it could not fully present potentially relevant evidence to support its action.

This Court's determination that the Bankruptcy Court did not conduct the statutorily-provided hearing on Cadle's revocation action does not conclude the inquiry. The Court must next decide whether Reed was nonetheless authorized to settle the suit, and whether the Bankruptcy Court was authorized to dismiss it, over Cadle's objection. If the settlement agreement bound Cadle, then dismissal of the revocation action was proper. Reed argues that, as trustee, she was a fiduciary of the entire bankruptcy estate, and thus empowered "to enter into [a] court-approved settlement[ ] . . . bind[ing] creditors of the estate." (Appellee's Supplemental Br. 2) Alternatively, Reed argues that because her interests were identical to Cadle's, she was Cadle's "virtual representative" and was thus entitled to settle on its behalf. The Court rejects both of Reed's contentions.

## Bankruptcy Rule 7041

Courts have emphasized two policy concerns that arise when a plaintiff seeks to dismiss a Section 727(d) action over objection. The first is that the debtor may have "purchased" dismissal

of the revocation action on terms favorable to the settling plaintiff, but harmful to other creditors. In the case of *In re Grosse*, the court underscored this risk:

> A creditor's withdrawal of a complaint objecting to discharge therefore is a unilateral act which affects the entire class of creditors. . . . [I]t would be . . . to a debtor's advantage who was alleged by a creditor to have committed, and in fact did commit, an act specified under Code § 727(a), to offer to confer some benefit upon the specific creditor in exchange for withdrawal of its complaint objecting to discharge. In so doing, the debtor could receive a discharge of all of his other debts for the undisclosed amount of settling one debt with a single creditor.

Nos. 94-18498, 96-1024, 1997 WL 668059, *4 (Bankr. E.D. Pa. Oct. 15, 1997). Even when a proposed settlement appears to be in the best interests of the estate, a second policy concern arises when a plaintiff settles a revocation claim. Section 727(d) actions allege the debtor's fraud or violation of a court order. Vindication of meritorious Section 727(d) claims is crucial to prevent dishonest debtors from obtaining the benefits of discharge:

> There is yet another reason for the special concern attendant to the dismissal of complaints objecting to discharge. In addition to the benefit conferred upon the general body of creditors, objections to discharge pursuant to § 727(a) are directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than fraud on, or injury to, a single creditor. Section 727 thus serves not only the interests of the creditors in the particular case, but also the fundamental premise that bankruptcy relief be reserved for the honest debtor only.

*Id.* (internal citations omitted). However, an attractive settlement offer could induce a plaintiff to dismiss a meritorious claim Section 727 claim. Thus, judicial supervision of settlements of revocation actions is critical to preserve the integrity of the bankruptcy system.

To safeguard the integrity of the bankruptcy process, bankruptcy courts impose procedural requirements for settlement of a discharge revocation action. These safeguards are embodied in Bankruptcy Rule 7041, the "special rule formulated for dismissals of discharge complaints." *Id.* (internal citations omitted); *see, e.g., In re Hass*, 273 B.R. 45 (Bankr. S.D.N.Y.

2002); *In re Taylor*, 190 B.R. 413 (Bankr. D. Colo. 1995). Rule 7041 provides, "Rule 41 Fed. R. Civ. P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper." The Advisory Committee Note to Rule 7041 comments that a Section 727 plaintiff may be "induced to dismiss by an advantage given or promised by the debtor," and that the rule assists in the prevention of such practices.

Bankruptcy courts have variously interpreted Rule 7041's requirements. Some have categorically prohibited trustees and creditors from settling a Section 727 action, observing that "[t]ying withdrawal of objections to discharge to the settlement of other actions is contrary to public policy. Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge." *See*, *e.g.*, *In re Moore*, 50 B.R. 661 (Bankr. E.D. Tenn. 1985); *In re Delco*, 327 B.R. 491 (Bankr. N.D. Ga. 2005). Other bankruptcy courts have permitted settlement, provided that other creditors "receive full disclosure and an opportunity to prosecute the Section 727(d) claim . . . ." *See*, *e.g.*, *In re Gresham*, No. Bankr. 05-40662, 2006 WL 2924622, *4 (N.D. Tex. Oct. 12, 2006); *In re Short*, 60 B.R. 951 (Bankr. M.D. La. 1986). In rejecting a *per se* rule against dismissal, these courts emphasize the underlying purpose of Rule 7041: "the time-honored judicial policy which favors consensual dispute resolution, and the right which a plaintiff always has to decline to continue prosecuting a claim." *In re Grosse*, 1997 WL at *4. To ensure dishonest debtors do not benefit from discharge, courts permitting settlement have allowed an objecting co-plaintiff—or other interested party timely opposing settlement but not joined in the original action—to continue prosecuting the Section 727(d) claim. *See*, *e.g.*, *In re Nicolosi*, 86 B.R. 882, 889 (Bankr. W.D. La. 1988); *In re Vickers*,

176 B.R. 287 (Bankr. N.D. Ga. 1994). This Court agrees with such an approach, and it is even more compelling when, as here, the objecting creditor, who brought the revocation action with the trustee, has agreed to fund the litigation over the discharge. *See generally In re Gresham*, 2006 WL at 5.

A related issue is whether a creditor may continue prosecuting a Section 727(d) action when the settling plaintiff is the trustee. The Court is of the view that trustees and creditors may be susceptible to similar incentives, generating the same policy concerns. *See*, *e.g.*, *In re Delco* 327 B.R. at 491 (rejecting settlement agreement between debtor and trustee). First, the settlement might provide a payment that will immediately reimburse a trustee for the trustee's outstanding fees. In *Short*, the court acknowledged a trustee's susceptibility to these pressures. *In re Short*, 60 B.R. at 953. There, the trustee commenced, and subsequently sought to dismiss, an action under Section 727, after the debtor agreed to pay the trustee approximately $12,000. Concerned about the benefit to the trustee from the settlement, the court determined that creditors objecting to dismissal would have a right to continue prosecution of the complaint to deny the debtor's discharge if they wish to do so.

Second, in the case *In re Kasal*, the court noted that a trustee might refrain from pursuing a meritorious Section 727(d) action, if the debtor's assets were minimal. 213 B.R. 922, 930 (Bankr. E.D. Pa. 1997). There, the trustee withdrew her Section 727 action after concluding that the potential recovery would be limited, since the location of the debtor's assets was unknown. Nonetheless, the Bankruptcy Court permitted a creditor to be substituted for the trustee as plaintiff, stating:

> [D]enials of discharges are not always quests to yield assets but are often simply checks on the integrity of the bankruptcy process applicable to all debtors. Grounds for denials of discharges, with the important side effect of discouraging dishonest debtor behavior, may exist in the absence of the availability of assets for a trustee to administer. For this reason, we cannot allow the Trustee, whose

> motive for refusing to act may have no relationship to the merits of the action, to be the only potential substitute plaintiff in a proceeding challenging a debtor's discharge.

Accordingly, whether the trustee agrees to a settlement of a Section 727(d) action as in the best interests of the estate is not determinative of whether an objecting creditor should be permitted to continue prosecuting a revocation claim.

Here, the complaint to revoke the discharge alleged, among other things, that Cooper violated Section 727(d)(2) by failing to report and surrender to the trustee proceeds from the sale of two scheduled properties at 470 and 480 North Little School Road. Cooper owned a one-third interest in both properties. At the August 2006 hearing, Cooper testified that he did not disclose to Reed a sale in June of 2002 of one of the properties, for which he received roughly $23,000. Upon discovery of the sale in October of 2002, Reed demanded the proceeds, but as Cooper testified, he refused to surrender them. At the hearing, Cooper also confirmed a sale in December of 2005 of the other parcel, and that once that sale was discovered, Cooper refused the trustee's demand for the approximately $23,000 in proceeds Cooper received. Cooper spent a portion of the proceeds from the sales. In urging the Bankruptcy Court's approval of the proposed settlement, which required Cooper to pay approximately $46,000 to the bankruptcy estate, the trustee recognized the uncertainty of proving that Cooper acted knowingly and fraudulently in disposing of the proceeds so as to support revocation of his discharge under 11 U.S.C. § 727(d)(2). The Court concludes that the uncertainty of success on the revocation claim does not support dismissal of a claim which a creditor has asserted under Section 727(d). The statute seeks to vindicate an abuse of the bankruptcy system, and a creditor has the right to pursue such an action after appropriate discovery. The Court concludes that Section 727(d) and Rule 7041 do not authorize settlement of a discharge claim over a creditor's timely objection. It was for later

determination, after the development of the facts, whether the discharge should be revoked under Section 727(d).

## "Virtual Representation" Doctrine

Reed next contends that the Bankruptcy Court's approval of the settlement was a proper application of the "virtual representation" doctrine.

It is a basic principle of American jurisprudence that a person cannot be bound by a judgment in litigation to which he was not a party. S*ee Meza v. General Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). However, federal courts have held that in certain circumstances a settlement can bind others. At common law, this preclusive effect extended to persons "in privity" with the judgment creditor, judgment debtor, or parties. Privity is merely another way of saying that there is sufficient identity between those entities to bind that other party to the outcome. The Fifth Circuit has held that privity only exists in three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to the settling party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by the settling party. Finding adequate representation, some federal courts have held that a non-party is bound by a settlement agreement where the settling party in the original suit is "so closely aligned to the non-party's interests as to be his virtual representative." *Id.* at 1266-67; *see Taylor v. Sturges*, ___U.S.___, 128 S.Ct. 2161, 2176 (U.S. June 12, 2008) (rejecting an "expansive doctrine of virtual representation"); *Aerojet-General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir. 1975). In such a case, a settlement approved by the virtual representative binds the non-party, thereby precluding the non-party from litigating the settled claims.

Here, Reed asks the Court to extend the virtual representation doctrine to settlement of a Section 727(d) action. Reed argues that she was a "virtual representative" of Cadle, because the

pair shared an identical objective—the best interests of the estate. Accordingly, Reed contends that Cadle was bound by the settlement.

In approving the settlement, the Bankruptcy Court relied on *In re Medomak*, 922 F.2d 895 (1st Cir. 1990). There, the trustee and two creditors, Bayside and PPI, entered into a settlement whereby the trustee released its claims against Bayside and PPI for equitable subordination. Two unsecured creditors, Cara and Acme, were not parties to the settlement, which the bankruptcy court approved. Cara and Acme then asserted claims for equitable subordination against Bayside and PPI, which urged that the settlement agreement was binding on Cara and Acme because the trustee was their "virtual representative." The First Circuit agreed, concluding that the trustee's interests were so similar to those of Cara and Acme that the trustee could "properly . . . be viewed as their 'representative . . . .'" The First Circuit emphasized that the trustee was a fiduciary of the estate and was "ordinarily the appropriate party to seek equitable subordination on behalf of the estate and unsecured creditors." *In re Medomak*, 922 F.2d at 902. Finding that the trustee was a virtual representative of Cara and Acme, the First Circuit concluded that Cara and Acme could not litigate the equitable subordination claims, which had been released by the trustee. The First Circuit stressed that Cara and Acme did not raise the equitable subordination issue at a hearing held on the settlement agreement, despite a "full and fair opportunity" to do so. *Id.* at 902. The court also emphasized the public policy in avoiding piecemeal litigation over equitable subordination, which would delay the conclusion of the case.

This Court rejects the applicability of *Medomak* to this Section 727(d) action. In such an action, the interests of a settling plaintiff and objecting creditor likely conflict. Here, the settlement will be largely used to pay the fees and expenses of the trustee and her counsel,

leaving little for Cadle and the other creditors. Thus, an identity of interests between the trustee and Cadle does not exist here.

Second, unlike the situation in *Medomak*, Cadle has not been given a full and fair opportunity to litigate the revocation claim, not having been permitted to conclude discovery.

Third, in *Medomak*, Cara and Acme did not specifically object to the equitable subordination aspects of the settlement, despite opportunity to do so, thus signaling their tacit approval. However, Cadle expressly objected to settlement of the revocation claim at the August 2006 hearing and, therefore, preserved its right to prosecute its Section 727(d) action.

Fourth, the public policy against piecemeal litigation of matters essential to completion of a bankruptcy case does not apply to Section 727(d) actions, which obviously come after a discharge has been given and the action concluded. The policy in vindicating the issues inherent in a discharge action outweighs the costs associated with continuing litigation.

Finding *Medomak* inapplicable here, the Court instead relies on the analysis in the case of *In re Hansen*, 368 B.R. 868, 879-80 (9th Cir. BAP 2007), *appeal docketed*, No. 07-55781 (9th Cir. June 11, 2007). There, the trustee and two creditors filed separate Section 727 actions. The trustee subsequently settled with the debtors, obtaining a substantial payment for the estate. However, the creditors, who were not parties to the settlement, litigated and ultimately prevailed on their respective Section 727 actions. The debtors filed a motion for reconsideration, in which they argued that the settlement precluded the creditors from litigating a Section 727 claim. The debtors argued that privity existed between the trustee and the creditors because they shared substantially identical interests.

Although the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") concluded that the debtors had waived their asserted defense, the court nonetheless reached the merits of debtors' contentions, but rejected them on two other grounds. First, the BAP found that Section

727 "grant[ed] the trustee and each creditor an independent right to file an action to deny discharge." Second, the BAP determined that "parallel legal interests are not sufficient to establish privity. It must be shown that the subsequent plaintiff's interests were adequately represented by the plaintiff in the former litigation." *Id.* at 879. The BAP found that the trustee could not properly represent the creditors because a trustee and a creditor typically have opposing interests.

Adopting the reasoning of *Hansen* and rejecting the application of *Medomak* here, the Court concludes that Reed was not a virtual representative of Cadle in the settlement of the Section 727(d) claims and thus could not bind Cadle to the settlement agreement. Accordingly, Cadle may litigate its Section 727(d) claims.

## CONCLUSION

For the reasons discussed in this Opinion, the Bankruptcy Court's bench ruling of September 8, 2006, its Settlement Order of September 13, 2006, and its Order of October 24, 2006, denying the Motion to Reconsider are **REVERSED**. Cadle's complaint to revoke Cooper's discharge is **REINSTATED** and **REMANDED** to the Bankruptcy Court, for further proceedings consistent with this Opinion.

**SO ORDERED**.

July 18, 2008.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**